IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: Angela Tennyson<br>2103 Rittenmore<br>Missouri City, TX  77489<br><br>DEBTOR | § § § § § § | CHAPTER 13<br><br>CASE NO. 24-34074-H1 |

**CHAPTER 13 TRUSTEE'S MOTION TO DISMISS OR CONVERT**

This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response withn 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

There will be a hearing on this motion on November 19, 2024 at 10:00 am in courtroom at the following address:  U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 404, 4TH FLOOR, HOUSTON, TX  77002-0000.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

____  The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

__X__  Payments due pursuant to  U.S.C. § 1326(a)(1)  have not been made.

____  Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11  U.S.C. § 109.

____  The Debtors have not filed their Federal Income Tax return for the following years: .  Therefore the Debtors are not able to meet the burden of proving that the Plan complies with 11  U.S.C. § 1322 (a) (2).

____  The Debtors have caused unreasonable delay that is prejudicial to the Creditors .

____  Other:

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7 , whichever shall be determined in the best interest of creditors.

Dated: October 22, 2024

/s/ David G. Peake

David G. Peake
Standing Chapter 13 Trustee
9660 Hillcroft, Ste 430
Houston, TX 77096
court@peakech13trustee.com
(713) 283-5400

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties (if listed) by mailing a copy of same to the address listed below via first class mail October 22 , 2024.

Electronically signed by
David G. Peake, Chapter 13 Trustee
9660 Hillcroft, Ste 430
Houston, TX 77096
court@peakech13trustee.com
(713) 283-5400

Debtor's Attorney of Record:
TRAN SINGH LLP
2502 LA BRANCH STREET
HOUSTON, TX  77004

BLUE RIDGE WEST MUD
11111 KATY FWY #725
HOUSTON, TX  77079-2197

CORNERSTONE
PO BOX 82561
LINCOLN, NE  68501

HUNTERS GLEN ASSOCIATION
C/O MARSHALL MANAGEMENT GROUP INC
4800 SUGAR GROVE BLVD, SUITE 140
STAFFORD, TX  77477

THE BANK OF NEW YORK MELLON
13010 MORRIS ROAD SUITE 450
ALPHARETTA, GA  30004

US DEPARTMENT OF EDUCATION
C/O NELNET
PO BOX 2837
PORTLAND, OR  97208

Debtor:
Angela Tennyson
2103 Rittenmore
Missouri City, TX  77489

CARMEN P TURNER MPA PCC CTOP
FORT BEND COUNTY TAX
ASSESSOR/COLLECTOR
1317 EUGENE HEIMANN CIRCLE
RICHMOND, TX  77469-3623

CREDIT ONE BANK
PO BOX 98873
LAS VEGAS, NV  89193

ROBERTSON ANSCHUTZ SCHNEID CRANE &
PARTNERS PLLLC
13010 MORRIS RD, SUITE 450
ALPHARETTA, GA  30004-5197

TRAN SINGH LLP
2502 LA BRANCH STREET
HOUSTON, TX  77004

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-34074-H1 |
| | § | |
| Angela Tennyson | § | |
| | § | |
| | § | |
| DEBTOR | § | |
| | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

   (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

   (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

   (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

   (d) Fourth, the balance in any other Reserve account to the Debtor;

   (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

   (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

   (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

_____
MARVIN ISGUR
United States Bankruptcy Judge